Westbrook, J.
Chapter 628 of the Laws of 1857, as amended by chapter 820 of the Laws of 1873 (3 R. S. [7th. edi], 1985, sec. 30), and which is the act to regulate the sale of intoxicating drinks, provides, “in case the parties or persons whose duty it is to prosecute for any penalty imposed for any violation of the provisions of this act shall, for the period of ten days after complaint to them that any person has incurred such penalty, accompanied with reasonable proof of the same, neglect or refuse to prosecute for such penalty, any other person may prosecute therefor, in' the name of the overseers of the poor of the town in which such alleged penalty was incurred, and in the manner provided by section 22 of this act as the same is amended by section 1 of this chapter. ”
One Luzerne J. Smalling has commenced an action under the clause quoted against the petitioner, Horatio A. Martin, to recover penalties- for alleged violations of the excise law in the name of the overseers of the poor of the town of Windham, before a justice of the peace of such town.
The defendant in such action by petition asks that said Smalling may be compelled to give security for the costs of such action.
*28 The motion should be denied for the following reasons: First. Notwithstanding the decision of the general term in this department, in Sharp agt. Fancher (29 Hun, 193), I should be exceedingly loathe to hold that section 3271 of the Code of Civil Procedure applies to a person who prosecutes to recover penalties in the name of the overseers of the poor incurred by violation of the excise act. That section authorizes the court in its discretion to “ require the plaintiff to give security for costs ” “ in an action brought by or against * * * a person expressly authorized by statute to sue or to be sued? It is true the court in the case mentioned, which was an action similar in all respects to the one now sought to be restrained, say that the section referred to does cover an action of this character, because it “ could not be brought except by the express authority of the statute,” but the reason is based upon a part, and not upon all the words of the section. It will not be disputed that a statute gives the action, and that there is “no common-law liability” apart from such statute, but in the case referred to, and also in this, there neither was nor is a motion to “ require the plai/ntiff to give security for costs,” as provided by the section of the Code already quoted. The decision in the reported case was, as this is, upon a motion by the defendant in an action to compel a person authorized to sue in the name of the plaintiffs to give security for costs. For that relief in such an action no provision is made by the section. It simply provides that “ in an action brought by or against * * * a person expressly authorized by statute to sue or to be sued * * * the court may in its discretion require the plaintiff to give security for costs.” This language would certainly seem to be unmistakable. A statute which authorizes a person “ to sue or to be sued ” confers only authority to become plaintiff or defendant in an action, and gives no right to bring suit in the name of another; and the power to require “ theplaintiff” in an action “ to give security for costs ” does not reach the case of an individual who is authorized not to become a plaintiff, i. e., “ to sue,” but to *29 prosecute in the names of certain officers for penalties given to such officers, and for which such officers have neglected to prosecute; and lastly, the provision in the excise act which authorizes municipal officers to sue in their official capacity and by their official titles is not a statute conferring upon “ a person ” the right to sue, which it must be, if section 3271 of the Code is to be made applicable to them. In such an action in which the municipality is liable for costs, any requirement compelling the officer to give security for costs would be worse than useless because it would be a hindrance to the discharge of official duty.
It is also difficult to say, even though this motion was made in behalf of the overseers of the poor, upon what principle a court can require a party, who is using the name of the overseers of the poor as plaintiffs precisely as a statute authorizes to give security for costs. The statute giving the right thus to prosecute has imposed no such restriction, and because it has not “ it would seem to follow,” as Daniels, J., said in Commissioners of Excise agt. McGrath (27 Hun, 425), “that he could not be required to give security for costs.”
The views just stated are submitted to the general term if the question shall there be again presented. If this motion involved no other question than that which has been discussed the decision in Sharp agt. Fancher would probably control my action, although for the reasons given it seems to me to be erroneous.
Second. The action in which the order is sought is pending in justices’ court, and this court cannot obtain jurisdiction to make any order in that action by a mere notice of motion. It is true that this court can, where it has jurisdiction over parties by an action duly brought therein, under section 818 of the Code of Civil Procedure, “ by order remove to itself ” an action “pending in another court,” and may “ consolidate ” that pending in another court “'with that in the supreme court,” but a party to an action pending in justices’ court cannot make a motion in the supreme court to control the *30 procedure in such action, any more than a party to a suit in any court of record other than the supreme court can make a motion in the latter to control the practice in the former.
Thwd. The defendant does not need the security for costs which he seeks. He has responsible parties to the record as plaintiffs who are liable to him for costs if the action iails, and the opposing affidavits show that the party prosecuting in the name of the overseers, is pecuniarily responsible.
The motion must be denied, with ten dollars costs.